**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARK LANGER<br>1650 Harvard Place<br>Apartment 604<br>Washington, D.C.  20009,<br><br>    Plaintiff,<br><br>v.<br><br>THE GEORGE WASHINGTON<br>UNIVERSITY<br>2121 I Street, N.W.<br>Washington, D.C.  20052,<br><br>and<br><br>JACK A. SIGGINS<br>3696 Thomas Point Road<br>Annapolis, MD  21403-5026,<br><br>    Defendants. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

   Plaintiff Mark Langer ("Plaintiff") brings this action to redress deprivation and interference of rights secured by the Family and Medical Leave Act, 28 U.S.C. § 2601, *et seq*. ("FMLA"), the District of Columbia Human Rights Act ("DCHRA"), the District of Columbia Family and Medical Leave Act, D.C. Code §§ 32-501 et seq. ("DCFMLA"), and related common law claims, and for his Complaint states as follows:

**Jurisdiction and Venue**

   1. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1332, and 28 U.S.C. § 2617, for claims arising under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims brought under the

DCHRA and common law pursuant to 28 U.S.C. § 1367(a) and §§ 2-1403.16 and 32-510 of the District of Columbia Code, inasmuch as the state law claims are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

2.  Venue is proper in this district since the unlawful employment practices described herein were committed within the District of Columbia. In addition, Defendant The George Washington University is in this District and Plaintiff worked for Defendant The George Washington University in this District.

### The Parties

3.  Plaintiff is a 56-year old male individual currently residing at 1650 Harvard Place, N.W., Apartment 604, Washington, D.C. 20009. By virtue of the fact that (a) Plaintiff has a physical and/or mental impairment that substantially limits one or more major life activities, and (b) Plaintiff has a record of such impairment, Plaintiff is an individual with a "disability" as that term is defined under the DCHRA. Plaintiff is also an individual with a "disability" as that term is defined under the DCHRA because Defendants at all times relevant regarded Plaintiff as having a disability. Plaintiff was at all times relevant an employee and/or eligible employee within the meaning of FMLA, the DCFMLA and the DCHRA.

4.  Defendant The George Washington University ("GW") is an employer within the meaning of FMLA, the DCFMLA and the DCHRA and has a principal place of business at 2121 I Street, N.W., Washington, D.C. 20052. GW was, at all times relevant, engaged in a business affecting commerce and had fifty or more employees each working day and is therefore subject to FMLA, the DCFMLA and the DCHRA.

5. Defendant Jack A Siggins is an adult male individual residing at 3696 Thomas Point Road, Annapolis, MD 21403-5026. Defendant Siggins was at all times relevant an employee of GW and Plaintiff's direct supervisor.

## Facts

6. Plaintiff has suffered from major depressive disorder, attention-deficit disorder, and chronic migraine headaches for much of his adult life. Plaintiff has a record of his disabilities (Plaintiff was officially diagnosed with these mental conditions in 1995). Plaintiff's disabilities substantially limit his ability to perform the major life activities of caring for himself, sleeping, working, thinking, analyzing, and commuting, among others. As described below, with the exception of time away from work pursuant to medical leave protected by state and federal law, Plaintiff has been able to perform the essential functions of his job with and, at times, without accommodation.

7. Plaintiff began working for GW in July 2003 as the Head of Acquisitions for the University's Gelman Library System. Plaintiff was classified as a Librarian II.

8. From July 2003 through late 2005, Plaintiff's work performance either met or exceeded expectations.

9. By letter dated June 15, 2005, GW reappointed Plaintiff to the rank of Librarian II and extended Plaintiff's employment for an additional three years until June 30, 2009. Defendant Siggins noted in the June 15, 2005 letter that "[t]he reappointment is recognition both by your colleagues and me of your substantial and productive work for the Gelman Library and the University. I am sure that you will take satisfaction in knowing that your work has been reviewed and valued in this way."

10. In late 2005, Plaintiff's depression took a turn for the worse. To the extent that Plaintiff's supervisors did not already know about his medical condition (they did, because he had previously notified them of his condition), they became aware at the end of 2005 and beginning of 2006 when Plaintiff notified them both orally and in writing that he suffered from depression, that he suffered from a disability, and that he would benefit from certain reasonable accommodations in the workplace.

11. By letter dated January 3, 2006, Defendants once again notified Plaintiff of his reappointment for a period of three years ending June 30, 2009. In this January 3, 2006 letter, Defendants also noted that Plaintiff had also been assigned a merit increase of $2,227.92.

12. Plaintiff's depression became so disabling that, in early February 2006, Plaintiff was forced to take approved family and medical leave (the "Initial Leave"). During his Initial Leave, Plaintiff underwent intensive therapy and treatment as an outpatient at the Washington Psychiatric Institute.

13. Plaintiff was cleared by his treating physicians to return to work in late February 2006. Plaintiff returned to work in late February 2006. At or around this same time, Plaintiff again notified his supervisors of his need for what he believed to be reasonable accommodations in the workplace on account of his disability.

14. Plaintiff requested such accommodations several more times, both in writing and orally, between February and September 2006. At Defendants' request, Plaintiff also provided Defendants with a letter from his treating physician in June 2006 that noted that: (a) Plaintiff suffered from major depressive disorder, attention-deficit disorder, and chronic migraine headaches; (b) Plaintiff's medical conditions had significantly worsened over the past eight

months; (c) the worsening of the medical conditions likely accounted for any work-related problems; and (d) the nature of Plaintiff's medical condition was fixed.

15.     Rather than engage in an interactive process and work with Plaintiff to find suitable accommodations, Defendants took a series of illegal and retaliatory actions against Plaintiff designed at attempting to force Plaintiff to voluntarily resign his employment with GW. These actions included (but were not limited to):  (a) directing self-serving communications to one of Plaintiff's treating physicians in a transparent attempt to elicit a statement from the physician that any accommodations sought by Plaintiff were necessarily unreasonable; (b) docking Plaintiff seven days of pay from his August 2006 paycheck; (c) refusing to allow Plaintiff to remain at work after 7:00 p.m.; (d) chastising Plaintiff for arriving at work after 9:00 a.m. (even though Defendants had agreed to allow Plaintiff to do so); (e) attempting to force Plaintiff to take long-term disability leave rather than working with Plaintiff to find accommodations in the workplace that would allow Plaintiff to continue to work at GW (even though Plaintiff had notified Defendants that he was most likely not eligible for long-term disability due to his preexisting condition); and (f) otherwise refusing to respond to Plaintiff's requests for reasonable accommodations in the workplace.

16.     Subsequent to Plaintiff's return from his Initial Leave, Defendant Siggins took it upon himself to personally harass, intimidate and attempt to force Plaintiff to resign his employment.  For example, on Plaintiff's first day back from work after the Initial Leave, Defendant Siggins personally attacked Plaintiff by asking intimidating and inappropriate questions and making clear to Plaintiff that he was on a short leash and that Siggins would be watching him closely. Further, in Mid-April 2006, Defendant Siggins called Plaintiff into his office under the guise of discussing Plaintiff's recent performance and stated that "[i]f it hadn't

been for your FMLA leave and hospitalization for mental illness I would fire you." Defendant Siggins subsequently and retroactively changed Plaintiff's July 2004 through July 2005 performance review to eliminate Plaintiff's stellar performance ratings and to reflect Plaintiff's allegedly poor performance.

17.     Defendants' actions limited Plaintiff's ability to effectively perform his duties as Head of Acquisitions for the Gelman Library System and caused Plaintiff tremendous emotional distress to the point where he was forced, in September 2006, to take an additional medical leave (the "Second Leave").

18.     Plaintiff returned from his Second Leave in October 2006. Upon Plaintiff's return, Defendants continued to fail to accommodate Plaintiff's requests for reasonable accommodations in the workplace and continued fail to engage in the interactive process required by law. Moreover, Defendant Siggins continued his emotional harassment and intimidation of Plaintiff, stating that he (Siggins) (a) would not be as generous as Plaintiff's former first-line supervisor (who was to retire in October 2006), and (b) doubted that Plaintiff could meet his expectations. Defendant Siggins also stated to Plaintiff words to the effect that an immediate resignation would likely be in Plaintiff's best interest.

19.     Defendants terminated Plaintiff's employment shortly thereafter, on November 16, 2006.

### Count I  - FMLA Discrimination and Retaliation
### (Against Defendant GW)

20.     Plaintiff incorporates paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21.     By requesting and taking FMLA leave, Plaintiff availed himself of protected rights under FMLA.

22. GW's failure to accommodate Plaintiff's disabilities after he returned from FMLA leave constituted unlawful discrimination and retaliation in violation of the FMLA.

23. GW's termination of Plaintiff's employment after he returned from FMLA leave constituted unlawful discrimination and retaliation in violation of the FMLA.

24. There is a causal connection between Plaintiff's protected FMLA activity and GW's failure to accommodate Plaintiff's disabilities and termination of Plaintiff.

25. Plaintiff has been adversely affected by GW's failure to accommodate his disabilities and GW's decision to terminate his employment.

26. GW's actions were outrageous, willful, wanton, and undertaken with reckless disregard and indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff requests legal and equitable relief including:

    a. a declaration that Defendant's conduct toward him was unlawful;

    b. back pay with interest;

    c. reinstatement to the position he would have enjoyed if not for defendant's unlawful action or, in lieu thereof, front pay;

    d. compensatory damages in an amount in excess of $150,000;

    e. punitive damages;

    f. attorneys' fees and costs.

### Count II – DCFMLA Discrimination and Retaliation
### (Against Both Defendants)

27. Plaintiff incorporates and realleges paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. By requesting and taking medical leave, Plaintiff availed himself of protected rights under DCFMLA.

7

29. Defendants' failure to accommodate Plaintiff's disabilities after he returned from medical leave constituted unlawful discrimination and retaliation in violation of DCFMLA.

30. Defendants' termination of Plaintiff's employment after he returned from medical leave constituted unlawful discrimination and retaliation in violation of DCFMLA.

31. Plaintiff has been adversely affected by Defendants' failure to accommodate his disabilities and Defendants' decision to terminate his employment.

32. There is a causal connection between Plaintiff's protected DCFMLA activity and Defendants' aforementioned actions vis-à-vis Plaintiff.

33. Defendants' actions were outrageous, willful, wanton, and undertaken with reckless disregard and indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff requests legal and equitable relief including:

   a. a declaration that Defendants' conduct toward him was unlawful;
   b. back pay with interest;
   c. reinstatement to the position he would have enjoyed if not for defendant's unlawful action or, in lieu thereof, front pay;
   d. compensatory damages in an amount in excess of $150,000;
   e. punitive damages;
   f. attorneys' fees and costs.

### Count III – DCHRA Discrimination and Retaliation
### (Against Both Defendants GW)

34. Plaintiff incorporates and realleges paragraphs 1 through 33 of the Complaint as if fully set forty herein.

35. Defendants intentionally discriminated against Plaintiff in violation of the DCHRA by, among other things, not making reasonable accommodations to the known physical

or mental limitations of Plaintiff (an otherwise qualified individual with a disability who was an employee of GW), and terminating Plaintiff's employment with GW.

36. By virtue of Defendants' intentional actions, Plaintiff was discharged or otherwise discriminated against with respect to his compensation, terms, conditions and/or privileges of employment on the basis of his disability status in violation of the DCHRA.

37. As a direct and proximate result of said intentional acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment and damage to his reputation.

38. Defendants' termination of Plaintiff's employment occurred under circumstances giving rise to an inference of unlawful discrimination.

WHEREFORE, Plaintiff demands judgment against Defendants:

(a) requiring Defendants to reinstate Plaintiff to his position of equal duties and responsibilities as Plaintiff would have received but for the discriminatory conduct;

(b) preliminarily and permanently restraining Defendants from engaging in the aforementioned conduct;

(c) awarding Plaintiff back pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendants;

(d) awarding Plaintiff compensatory and punitive damages;

(e) awarding Plaintiff reasonable attorneys' fees and costs incurred in this action; and

(f) ordering any other legal and equitable relief this Court deems to be just and appropriate.

## Count IV – Breach of Contract
### (Against Defendant GW)

39. Plaintiff incorporates and realleges paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. GW's June 14, 2005 and January 3, 2006 letters extending Plaintiff's employment through July 30, 2009 constituted valid contracts.

41. GW breached those contracts by terminating Plaintiff's employment.

42. Plaintiff has been injured as a direct and proximate result of GW's breach of contract.

WHEREFORE, Plaintiff demands judgment against Defendant:

(a) requiring Defendant to reinstate Plaintiff to his position of equal duties and responsibilities as Plaintiff would have received but for the discriminatory conduct;

(b) awarding Plaintiff back pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

(c) awarding Plaintiff compensatory and punitive damages;

(d) awarding Plaintiff such interest as allowed under Section 15-109 of the D.C. Code.

(e) ordering any other legal and equitable relief this Court deems to be just and appropriate.

## COUNT V – Good Faith and Fair Dealing
### (Against Defendant GW)

43. Plaintiff incorporates and realleges paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. By virtue of the aforementioned contract, GW owed Plaintiff an implied duty of good faith and fair dealing, which meant that GW was not to do anything which would have the effect of destroying or injuring Plaintiff's right to receive the fruits of the contract.

45. GW has evaded the spirit of the parties' contact, has willfully rendered imperfect performance, and has interfered with Plaintiff's performance of the Contract.

46. As a result, GW is liable to Plaintiff for breach of the implied covenant of good faith and fair dealing.

WHEREFORE, Plaintiff demands judgment against Defendant:

(a) requiring Defendant to reinstate Plaintiff to his position of equal duties and responsibilities as Plaintiff would have received but for the discriminatory conduct;

(b) awarding Plaintiff back pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

(c) awarding Plaintiff compensatory and punitive damages;

(d) awarding Plaintiff such interest as allowed under Section 15-109 of the D.C. Code.

(e) ordering any other legal and equitable relief this Court deems to be just and appropriate.

### Count VI - Promissory Estoppel
### (Against all Defendants)

47.     Plaintiffs incorporate and reallege paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48.     Defendants' June 15, 2005 and January 3, 2006 letters extending Plaintiff's employment through July 30, 2009 constituted a valid promise of employment through July 30, 2009.

49.     Plaintiff reasonably relied on Defendants' promise of continued employment to his detriment (by, among other things, not searching for alternative employment prior to his termination).

50.     Plaintiff has suffered injuries (including but not limited to loss of wages and salary and loss of other employment opportunities) due to his reasonable and detrimental reliance on Defendants' promise of continued employment.

51.     Enforcement of Defendants' promise of continued employment would be in the public interest and would prevent injustice.

WHEREFORE, Plaintiff demands judgment against Defendant:

(a)     requiring Defendants to reinstate Plaintiff to his position of equal duties and responsibilities as Plaintiff would have received but for the discriminatory conduct;

(b)     awarding Plaintiff back pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendants;

(c)     awarding Plaintiff compensatory and punitive damages;

(d) awarding Plaintiff such interest as allowed under Section 15-109 of the D.C. Code.

(e) ordering any other legal and equitable relief this Court deems to be just and appropriate.

## Count VII – Intentional Infliction of Emotional Distress
### (Against Defendant Siggins)

52. Plaintiff incorporates and realleges paragraphs 1 through 49 of the Complaint as if fully set forth herein.

53. Defendant Siggins' actions were extreme and outrageous, beyond all bounds of decency, and without just cause or excuse, and intentionally or recklessly caused Plaintiff severe and verifiable emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant Siggins:

(a) requiring Defendant to reinstate Plaintiff to his position of equal duties and responsibilities as Plaintiff would have received but for the discriminatory conduct;

(b) awarding Plaintiff back pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

(c) awarding Plaintiff compensatory and punitive damages;

(d) awarding Plaintiff such interest as allowed under Section 15-109 of the D.C. Code.

(e) ordering any other legal and equitable relief this Court deems to be just and appropriate.

### Count VIII – Intentional Interference with
### Employment Relationshipand/or Business Relations
### (against Defendant Siggins)

54. Plaintiff incorporates and realleges paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. Plaintiff had an employment contract and/or a business relationship with Defendant GW.

56. Defendant Siggins knew of the Plaintiff's employment contract and/or business relationship with Defendant GW.

57. Defendant Siggins intentionally caused the breach of the Plaintiff's contract and/or business relationship with Defendant GW.

58. Defendant Siggins acted outside of the scope of his own employment with GW in intentionally causing the breach of Plaintiff's contract and/or business relationship with Defendant GW.

59. Defendant Siggins' intentional interference with Plaintiff's employment contract and/or business relationship with Defendant GW caused Plaintiff damage.

WHEREFORE, Plaintiff demands judgment against Defendant Siggins:

(a) requiring Defendant to reinstate Plaintiff to his position of equal duties and responsibilities as Plaintiff would have received but for the discriminatory conduct;

(b) awarding Plaintiff back pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

(c) awarding Plaintiff compensatory and punitive damages;

(d) awarding Plaintiff such interest as allowed under Section 15-109 of the D.C. Code.

(e) ordering any other legal and equitable relief this Court deems to be just and appropriate.

## Jury Demand

Plaintiff requests a trial by jury in this matter.

Dated: February 2, 2007                Respectfully submitted,

*//s// Jason H. Ehrenberg*

_____
Jason H. Ehrenberg (DC # 469077)
jhe@becounsel.com
James C. Bailey (DC #462391)
jcb@becounsel.com
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
Tel: (202) 465-4729
Fax: (202) 318-7071

**Attorneys for Plaintiff**

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Mark Langer

**DEFENDANTS**

The George Washington University and Jack Siggins

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF — 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jason Ehrenberg
Bailey & Ehrenberg PLLC
1155 Connecticut Ave, N.W., Suite 1100
Washington, D.C. 20036
(202) 465-4729

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

|  | ○ G. *Habeas Corpus/ 2255* | ● H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|---|
|  | ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

|  | ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|---|
|  | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Family and Medical Leave Act, 26 U.S.C. § 2601, et seq. - employment discrimination in retaliation for enforcing federally protected FMLA rights.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ $500,000   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE February 2, 2006   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.