**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| Mark Langer | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:07CV00262(EGS) |
| The George Washington University | ) | |
| | ) | Judge Emmet G. Sullivan |
| and | ) | |
| | ) | |
| Jack A. Siggins | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants The George Washington University ("GW" or "University") and Jack A. Siggins (collectively "Defendants"), by and through their undersigned counsel, hereby submit their Answer to Plaintiff's Complaint and state:

### JURISDICTION AND VENUE

1.      The allegations contained in Paragraph 1 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.      The allegations contained in Paragraph 2 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 2 of the Complaint, other than that Defendant GW's Foggy Bottom campus is located in Washington, D.C.

**THE PARTIES**

3.      Defendants lack sufficient information to form a belief as to the truth of, and therefore deny, the allegations contained in Paragraph 3 of the Complaint regarding Plaintiff's age and residence.  The remaining allegations contained in Paragraph 3 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations contained in Paragraph of the Complaint.

4.      The allegations contained in Paragraph 4 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 4 of the Complaint, other than that GW's main administration building is located at 2121 I Street, N.W., and that GW employees more than 50 employees.

5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint regarding Defendant Jack Siggins' place of residence and gender.  Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint as stated.

**FACTS**

6.       Defendants deny the allegations contained in Paragraph 6 of the Complaint as stated.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of the Complaint as stated.

9.      In response to the allegations contained in Paragraph 9 of the Complaint, Defendants state that GW sent Plaintiff a letter dated June 15, 2005, reappointing him to the

position of Librarian II.  Defendants further state that the June 15 letter speaks for itself.
Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint as stated.

10.     Defendants deny the allegations contained in Paragraph 10 of the Complaint as stated.

11.     In response to the allegations contained in Paragraph 11 of the Complaint, Defendants state that the University sent Plaintiff a letter dated January 3, 2006.  Defendants further state that the January 3 letter speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint as stated.

12.     Defendants lack sufficient information to form a belief as to the truth of, and therefore deny, the allegations contained in Paragraph 12 of the Complaint regarding Plaintiff's alleged therapy and treatment.  Defendants admit that Plaintiff was permitted to take family and medical leave.  The remaining allegations contained in Paragraph 12 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendants admit that Plaintiff returned to work in late February 2006. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint as stated.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint as stated.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint as stated.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17  of the Complaint.

DC1 30196865.1

18.     Defendants admit that Plaintiff returned from leave in October 2006.  Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

19.     Defendants admit that Plaintiff's employment was terminated.  Defendants deny the remaining allegations contained in Paragraph 19 as stated.

## <u>COUNT I - FMLA DISCRIMINATION AND RETALIATION</u>

20.     Defendants hereby adopt and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 19 of the Complaint.

21.     The allegations contained in Paragraph 21 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint and deny that Plaintiff was discriminated against or retaliated against.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint and deny that Plaintiff was discriminated against or retaliated against.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint and deny that Plaintiff was discriminated against or retaliated against.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint and deny that Plaintiff was discriminated against or retaliated against.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

Defendants deny that Plaintiff is entitled to relief requested in the WHEREFORE Paragraph following Paragraph 26 of the Complaint and deny that Plaintiff is entitled to any relief whatsoever.

-4-

## COUNT II - DCFMLA DISCRIMINATION AND RETALIATION

27.     Defendants hereby adopt and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 26 of the Complaint.

28.     The allegations contained in Paragraph 28 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint and deny that they failed to accommodate Plaintiff and deny that Plaintiff was discriminated against or retaliated against.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint and deny that Plaintiff was discriminated against or retaliated against.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint and deny that Plaintiff was discriminated against or retaliated against.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint and deny that Plaintiff was discriminated against or retaliated against.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

Defendants deny that Plaintiff is entitled to relief requested in the WHEREFORE Paragraph following Paragraph  33 of the Complaint and deny that Plaintiff is entitled to any relief whatsoever.

## COUNT III - DCHRA DISCRIMINATION AND RETALIATION

34.     Defendants hereby adopt and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 33 of the Complaint.

DC1 30196865.1

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint and deny that Plaintiff was discriminated or retaliated against.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint and deny that Plaintiff was discriminated or retaliated against.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint and deny that Plaintiff was discriminated or retaliated against.

Defendants deny that Plaintiff is entitled to relief requested in the WHEREFORE Paragraph following Paragraph  38 of the Complaint and deny that Plaintiff is entitled to any relief whatsoever.

## COUNT IV - BREACH OF CONTRACT

39.     Defendants  hereby adopt and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 38 of the Complaint.

40.     The allegations contained in Paragraph 40 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

Defendants deny that Plaintiff is entitled to relief requested in the WHEREFORE Paragraph following Paragraph  42 of the Complaint and deny that Plaintiff is entitled to any relief whatsoever.

DC1 30196865.1

## COUNT V-GOOD FAITH AND FAIR DEALING

43.    Defendants hereby adopt and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 42 of the Complaint.

44.    The allegations contained in Paragraph 44 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.    Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint.

Defendants deny that Plaintiff is entitled to relief requested in the WHEREFORE Paragraph following Paragraph 46 of the Complaint and deny that Plaintiff is entitled to any relief whatsoever.

## COUNT VI - PROMISSORY ESTOPPEL

47.    Defendants[1] hereby adopt and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 46 of the Complaint.

48.    The allegations contained in Paragraph 48 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.    Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.    Defendants deny the allegations contained in Paragraph 51 of the Complaint.

---

[1] Plaintiff seems to claim in this Count that he had some sort of a contractual relationship with Defendant Siggins in his individual capacity.  Obviously, extending an offer of employment on behalf of the University cannot create any type of contractual relationship with Mr. Siggins as an individual and, therefore, this Count should be dismissed against Mr. Siggins.

DC1 30196865.1

Defendants deny that Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph following Paragraph 51 of the Complaint and deny that Plaintiff is entitled to any relief whatsoever.[2]

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Claims in Plaintiff's Complaint are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

As an affirmative defense, and without prejudice to its denials and other statements of its pleadings, Defendants allege that Plaintiff did not mitigate his damages and failed to seek gainful employment at a comparable wage in a timely manner or with diligence following the cessation of his employment with Defendant GW, and his damages, if any are awarded, should be reduced to the extent he failed to mitigate them, and/or to the extent he was precluded from working or seeking employment for any reason.

## FOURTH AFFIRMATIVE DEFENSE

Claims in Plaintiff's Complaint may be barred by the exclusivity provisions of the workers' compensation statutes.

## FIFTH AFFIRMATIVE DEFENSE

Claims in Plaintiff's Complaint are barred by his failure to exhaust administrative remedies.

---

[2] Defendants have filed concurrently herewith a Motion to Dismiss Counts VII and VIII of the Complaint.  Defendants have not therefore answered those allegations herein.

## SIXTH AFFIRMATIVE DEFENSE

Defendant GW expressly denies that any of its employees, officers, or agents acted in any manner that would constitute discrimination, retaliation or a violation of any law. Even assuming, however, that Plaintiff's rights were violated, the University is not liable for Plaintiff's claims, in whole or in part because, even assuming the truth of certain allegations, any wrongful acts were performed outside the scope of employment of University employees and may not be attributed to the University through principles of agency, respondeat superior, or otherwise. Further, Plaintiff is not entitled to recover punitive and/or exemplary damages since Defendant GW cannot be vicariously liable for discriminatory employment decisions of managerial agents because those decisions, if any, were contrary to Defendant GW's good faith efforts to comply with applicable federal, state, and local laws and regulations prohibiting employment discrimination.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred because the alleged acts or omissions of Defendants do not evidence malicious, reckless or fraudulent intent, and are not so wanton or willful as to support a punitive award. Defendants made good faith efforts to comply with anti-discrimination laws and therefore Plaintiff cannot recover punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE

All or a portion of Plaintiff's claims are barred by the doctrines of accord and satisfaction, novation and waiver.

## NINTH AFFIRMATIVE DEFENSE

All or a portion of Plaintiff's claims are barred by an absolute or qualified privilege.

WHEREFORE, Defendants pray that:

DC1 30196865.1

1.      Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in

Defendants favor;

2.      The Court award Defendants their costs and attorneys' fees.

3.      The Court award Defendants such further relief as it deems just and proper.


DATED: April 23, 2007                         Respectfully submitted,

                                              THE GEORGE WASHINGTON UNIVERSITY
                                              AND
                                              JACK A. SIGGINS


                                              By /s/ Raymond C. Baldwin
                                              Raymond C. Baldwin (Bar No. 461514)
                                              Stephanie E. Sawyer (Bar No. 485977)

                                              SEYFARTH SHAW LLP
                                              815 Connecticut Avenue, NW, Suite 500
                                              Washington, DC 20006
                                              (202) 463-2400

                                              Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Defendants' Answer was served electronically,

this 23rd day of April, 2007 upon:

> Jason H. Ehrenberg
> Bailey & Ehrenberg PLLC
> 1155 Connecticut Avenue, NW, Suite 1100
> Washington, DC 20036

> /s/ Stephanie E. Sawyer
> Stephanie E. Sawyer

DC1 30196865.1