IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mark Langer )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>The George Washington University )<br>)<br>and )<br>)<br>Jack A. Siggins )<br>)<br>Defendants. )<br>) | Case No. 1:07CV00262(EGS)<br><br>Judge Emmet G. Sullivan |

## **DEFENDANT JACK A. SIGGINS' PARTIAL MOTION TO DISMISS**

Defendant Jack A. Siggins, by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss with prejudice counts VII (Intentional Infliction of Emotional Distress) and VIII (Intentional Interference with Employment Relationship and/or Business Relations) of Plaintiff's Complaint.  In support thereof, Defendant Dr. Siggins states:

1. Plaintiff has not and cannot allege facts sufficient to meet the exceedingly demanding standard necessary to state a claim for Intentional Infliction of Emotional Distress.

2. Plaintiff likewise cannot state a claim for Intentional Interference with Employment Relationship against Mr. Siggins.  Mr. Siggins, as a party to any purported contract between Plaintiff and The George Washington University, or as a supervisor protected by applicable privilege, cannot be liable for this tort.

The grounds for this motion are set forth more fully in the attached memorandum of points and authorities.

2

DATED: April 23, 2007                     Respectfully submitted,

                                          JACK A. SIGGINS

                                          By /s/ Raymond C. Baldwin
                                          Raymond C. Baldwin (Bar No. 461514)
                                          Stephanie E. Sawyer (Bar No. 485977)

                                          SEYFARTH SHAW LLP
                                          815 Connecticut Avenue, NW, Suite 500
                                          Washington, DC 20006
                                          (202) 463-2400

                                          Attorneys for Defendants

2

1.    DC1 30196909.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mark Langer ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:07CV00262(EGS) |
| The George Washington University ) | |
| ) | |
| and ) | |
| ) | |
| Jack A. Siggins ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
JACK A. SIGGINS' PARTIAL MOTION TO DISMISS**

Defendant Jack A. Siggins, by undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby submits his Memorandum of Points and Authorities in Support of his Partial Motion to Dismiss.

## I.    INTRODUCTION

Plaintiff Mark Langer ("Plaintiff") is suing his former employer, The George Washington University (hereinafter "GW" or "University"), and former supervisor and University Librarian, Dr. Jack A. Siggins (collectively "Defendants") for an array of purported transgressions arising out of Plaintiff's unacceptable work performance and the eventual termination of his employment.

In his Complaint, Plaintiff contends that he was discriminated and retaliated against due to his alleged disability. Plaintiff also brings a host of contractual and tort claims against one or both Defendants, among them breach of contract, good faith and fair dealing, promissory

estoppel, intentional infliction of emotional distress, and intentional interference with employment relationships and/or business relations.

Mr. Siggins seeks to dismiss two of those eight counts: Intentional Infliction of Emotional Distress (Count VII) and Intentional Interference with Employment Relationship and/or Business Relations (Count VIII). Dismissal is appropriate because Plaintiff has not and cannot state a claim for Intentional Infliction of Emotional Distress. Even assuming the truth of his allegations, they simply do not rise to the level of extreme and outrageous conduct necessary to satisfy the stringent standards for this tort. Plaintiff similarly cannot maintain a claim for Intentional Interference with Employment Relationship. Mr. Siggins, as a party to any purported contract between Plaintiff and The George Washington University, or as a supervisor protected by a privilege, cannot be liable for this tort.

## II.    RELEVANT FACTS[1]

Plaintiff was employed as Head of Acquisitions at GW's Gelman Library from approximately July 2003 through late 2006. (Compl. at ¶¶ 7, 19). Plaintiff alleges that on June 15, 2005, he received a letter reappointing him as Head of Acquisitions for an additional three years. (Compl. at ¶ 9). Plaintiff's subsequent performance evaluations rated Plaintiff below expectations. (Compl. at ¶ 16).

Plaintiff requested, and Defendants granted, two periods of leave from work in February and September 2006. (Compl. at ¶¶ 12, 17).

Although another librarian served as Plaintiff's first-line supervisor for most of Plaintiff's time at GW, (Compl. at ¶ 18)(noting that Plaintiff's first-line supervisor retired in October 2006),

---

[1] The facts in the Complaint relevant to Counts VII and VIII are taken as true for purposes of this Motion only. Defendants have concurrently filed an Answer to the remaining counts of the Complaint.

Mr. Siggins, as the University Librarian overseeing the Gelman Library, also had supervisory authority over Plaintiff. (Compl. at ¶ 5). For example, Mr. Siggins signed a June 15, 2005 letter reappointing Plaintiff to the rank of Librarian II. (Compl. at 9; *See* Ex. A).[2] Further, Mr. Siggins terminated Plaintiff's employment. (Compl. at ¶ 19, 35, 38)("Defendant<u>s</u> terminated Plaintiff's employment)(emphasis added).

### III.  STANDARD OF REVIEW

A court may dismiss a complaint if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). The court must construe the complaint in the light most favorable to plaintiff. *Square D. Co. v. Niagara Frontier Tariff Bureau, Inc.*, 476 U.S. 409, 411 (1986). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.,* 16 F.3d 1271 (D.C. Cir. 1994).

### IV.  ARGUMENT

**A.  Plaintiff Has Not and Cannot Set Forth Sufficient Facts Necessary To Meet the Exceedingly Demanding Standard Necessary to State a Claim for Intentional Infliction of Emotional Distress.**

The parameters of the tort of intentional infliction of emotional distress ("IIED") are exceedingly narrow, applying only when the defendant's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and [is] regarded as atrocious and utterly intolerable in a civilized community." *Sere v. Group Hospitalization, Inc.*,

---

[2] The Court may consider the June 15, 2005 letter without converting this Motion into one for summary judgment. Where, as here, "a document is referred to in the complaint and [is] central to plaintiff's claim, such document attached to motion papers may be considered without converting the motion to one for summary judgment." *Daisley v. Riggs Bank, NA*, 372 F. Supp.2d 61, 67 n. 1 (D.D.C. 2005).

-3-

443 A.2d 33, 37 (D.C. 1982), *cert. denied*, 459 U.S. 912 (1982).  The allegations of the Complaint fall far short of this high standard and this claim should be dismissed with prejudice.

To prevail on a claim of IIED, plaintiff must prove: (1) "extreme and outrageous" conduct on the part of the defendant; which (2) intentionally or recklessly; (3) causes the plaintiff to suffer "severe" emotional distress.  *Duncan v. Children's National Medical Center*, 702 A.2d 207, 211 (D.C. 1997), *cert. denied*, 525 U.S. 912 (1998); *Bernstein v. Fernandez*, 649 A.2d 1064, 1075 (D.C. 1991); *Sere*, 443 A.2d at 37; *Waldon v. Covington*, 415 A.2d 1070, 1076 (D.C. 1980).  Indeed, courts are mindful to restrict the bounds of IIED.  *See also Harvey v. Strayer College*, 911 F. Supp. 24, 27, (D.D.C. 1996)("[T]he law does not, and doubtlessly, should not, impose a general duty of care to avoid causing mental distress.  For the sake of reasonable freedom of action, in our own interest and that of society, we need the privilege of being careless whether we inflict emotional distress on our neighbors'")(*quoting Clark v. Association of Retail Credit Men*, 105 F.2d 62, 64 (D.C. Cir. 1939)).

This exceptionally high standard is no less applicable when a plaintiff seeks to sue his or her employer for IIED.  "In the employment context, we traditionally have been demanding in the proof required to support an intentional infliction of emotional distress claim."  *Kerrigan v. Britches of Georgetowne, Inc.*, 705 A.2d 624, 629 (D.C.1997).  In *Kerrigan*, the plaintiff alleged that his employer targeted him for a sexual harassment investigation, manufactured evidence against him to establish a false claim of sexual harassment, leaked information about the investigation to other employees, and unjustifiably demoted him.  *See Id.*  The court upheld the dismissal of the IIED claim noting, "[t]his conduct, even construed as true, was of the type attributable to 'employer-employee conflicts [that] do not, as a matter of law, rise to the level of outrageous conduct.'"  *See Id.* (citations omitted)(emphasis added).  Courts have repeatedly held

-4-

that similar and even more egregious conduct does not meet the exacting standard necessary to state a claim for IIED.  *See, e.g., King v. Kidd,* 640 A.2d 656, 670-74 (D.C. 1993)(conduct not extreme and outrageous when supervisor failed repeatedly to respond to employee's sexual harassment complaints); *Adams v. Cochran & Co.,* 597 A.2d 28, 35 (D.C. 1991)(discharge of employee who refused to disobey law by driving truck without proper inspection sticker was not extreme and outrageous); *Waldon v. Covington,* 415 A.2d 1070, 1077-78 (D.C. 1980)(conduct not outrageous when employer refused to give employee-professor keys to laboratory and notice of departmental meetings, threatened to begin actions to test competency with aim to terminate, and assigned employee classes outside specialty knowing it would cause difficulty and embarrassment, where plaintiff claimed employer's conduct resulted in employee's cardiac attack and death); *Hoffman v. Hill & Knowlton, Inc.,* 777 F. Supp. 1003, 1005 (D.D.C. 1991) (conduct not outrageous when employer intentionally interfered with employee's ability to do job, stated false, pretextual reasons for dismissing an employee knowing it would be communicated to others, and dismissed employee).  Indeed, as this Court has recognized, "[t]he tort of intentional infliction is reserved for unusually outrageous conduct, and should not be successfully pursued by merely alleging unfair circumstances surrounding termination of employment."  *Karp v. Roach*, 1990 WL 302782, 55 FEP Cases (BNA) 1589 (D.D.C. 1990).

This exceedingly demanding standard cannot be met in this case.  Plaintiff alleges only that:  (1) Dr. Siggins did not engage fully in the interactive process envisioned under the disability statutes or grant Plaintiff the accommodations he requested; (2) Dr. Siggins gave Plaintiff a negative performance evaluation and encouraged Plaintiff to resign his position and apply for long-term disability; (3) Dr. Siggins discussed with Plaintiff his work performance and return to work; and (4) Dr. Siggins asked him unspecified "inappropriate and intimidating

questions." These allegations, taken individually or collectively, cannot as a matter of law rise to the level of conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and [is] regarded as atrocious and utterly intolerable in a civilized community." *Sere*, 443 A.2d at 37. Indeed, and as the foregoing cases make clear, "such conduct does not remotely approach the level of severity required for a cause of action for intentional infliction of emotional distress." *Dale v. Thomason*, 962 F.Supp. 181, 184 (D.D.C. 1997)(defendant's accusations of illegal or otherwise improper activities by plaintiff, a member of the White House Travel Office staff, which allegedly precipitated plaintiff's termination, insufficient as a matter of law to establish intentional infliction of emotional distress claim). *See also Crowley v. North American Telecommunications Ass'n.*, 691 A.2d 1169 (D.C. 1997)(allegations that supervisor refused to meet with plaintiff or include him in board meetings, ignored his presence, treated him in a hostile and unprofessional manner, gave him a poor performance evaluation, and terminated plaintiff's employment, insufficient as matter of law); *Waldon v. Covington*, 415 A.2d 1070, 1076 (D.C. 1980)(liability does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities')(quoting Restatement (Second) Torts § 46 (1965). Accordingly, and as a matter of law, Plaintiff's intentional infliction claim cannot survive and should be dismissed with prejudice.

      **B.**    **Plaintiff Has Not Stated a Claim for Intentional Interference with Employment Relationship/Business Relations Against Mr. Siggins.**

Dr. Siggins, as the University Librarian, cannot interfere with any alleged contract to which he would have been, in effect, a party. Moreover, and even assuming that Dr. Siggins was not "one with the corporation," Plaintiff has not and cannot allege that Dr. Siggins acted with the requisite malice necessary to overcome the qualified privilege applicable to any alleged actions. Accordingly, this claim should be dismissed with prejudice.

To recover for intentional interference with employment relationship and/or business relations, Plaintiff must prove: (1) the existence of a contract; (2) Defendant's knowledge of the contract; (3) intentional procurement of its breach by Defendant; and (4) damages resulting from the breach. *Altimont v. Chatelain, Samperton & Nolan*, 374 A.2d 284, 288 (D.C. 1977); *Curaflex Health Servs., Inc. v. Bruni*, 899 F. Supp. 689, 694 (D.D.C. 1995)(citations omitted).

Even assuming, *arguendo*, for purposes of this Motion, that Plaintiff had an employment contract and can show breach of such contract – which he cannot – this claim may not lie against Dr. Siggins, the University Librarian, head of the Gelman Library, and signatory to the purported "contract" between Plaintiff and the University. *See* Ex. A; *Press v. Howard Univ.*, 540 A.2d 733, 736 (D.C. 1998)(upholding grant of summary judgment on intentional interference claim on grounds that a party cannot tortiously interfere with its own contract). In *Press*, the Court of Appeals held that university officers cannot be held liable for tortiously interfering with a contract between the university and a third party. *See Id.* Accordingly, Dr. Siggins cannot be considered a third party for purposes of this tort - he is one with the University. Indeed, "[i]t is axiomatic that an employer cannot interfere with its own contract." *McManus v. MCI Communications Corp.*, 748 A.2d 949, 956 (D.C. 2000).

Plaintiff's Complaint demonstrates that Dr. Siggins, through his alleged reappointment and termination of Plaintiff's employment, as well as his high-level position at the Library and within the University generally, "had the power to bind" GWU with respect to termination decisions and was more than a mere "supervisory employee." *See Sorrels v. Garfinkles, et al.*, 565 A. 2d 285, 290-91 (D.C. 1989). As such, Dr. Siggins, as an officer of the University is entirely "shielded from liability" for intentional interference with employment relationship. *See Id; Press*, 540 A.2d at 736.

Even if it is assumed that Dr. Siggins was not one with the University with respect to any alleged contract, Count VIII should still be dismissed because Dr. Siggins' alleged acts are protected by a qualified privilege. *See McManus v. MCI Communications*, 748 A.2d 949, 958 (D.C. 2000). As the District of Columbia Court of Appeals noted in *McManus*, "the law affords to a supervisor a . . . a qualified privilege . . . The defendant's employees acting within the scope of their employment are identified with the defendant . . . so that they may ordinarily advise the defendant to breach his [or her] own contract without themselves incurring liability in tort." *Id.* at 958. Thus, in order to overcome the privilege, the Court of Appeals requires a plaintiff alleging intentional interference to show that the "supervisor acted with malice." *Paul v. Howard Univ.*, 754 A. 2d 297, 309 (D.C. 2000). Plaintiff has not alleged that Dr. Siggins acted with the requisite malice. Rather, Plaintiff's allegations regarding Dr. Siggins' conduct amount only to concerns that Dr. Siggins did not grant Plaintiff each and every accommodation he requested, asked that Plaintiff adhere to general Library rules, and discussed with Plaintiff his work performance. (Compl. ¶¶ 15, 16, 18).[3] Such routine employment interactions cannot, no matter how Plaintiff now attempts to characterize them, overcome the qualified privilege applicable to such actions and Count VIII should therefore be dismissed.

## V.     CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Dr. Siggins respectfully requests that Counts VII and VIII of Plaintiff's Complaint be dismissed with prejudice.

---

[3] It would, of course, be insufficient for Plaintiff to amend his Complaint to simply allege that Mr. Siggins acted "with malice" because "legal conclusions cast in the form of factual allegations" are insufficient to defeat a motion to dismiss. *Kowal v. MCI Communications Corp.,* 16 F.3d 1271 (D.C. Cir. 1994).

DATED: April 23, 2007                               Respectfully submitted,

                                                    JACK A. SIGGINS


                                                    By  /s/ Raymond C. Baldwin
                                                    Raymond C. Baldwin (Bar No. 461514)
                                                    Stephanie E. Sawyer (Bar No. 485977)

                                                    SEYFARTH SHAW LLP
                                                    815 Connecticut Avenue, NW, Suite 500
                                                    Washington, DC 20006
                                                    (202) 463-2400

                                                    Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Defendant Dr. Siggins' Partial Motion to Dismiss, was served electronically this 23rd day of April, 2007 upon:

>Jason H. Ehrenberg
>Bail & Ehrenberg PLLC
>1155 Connecticut Avenue, NW, Suite 1100
>Washington, DC 20036

>_____/s/ Stephanie E. Sawyer\_\_\_\_
>Stephanie E. Sawyer

# EXHIBIT A

Case 1:07-cv-00262-EGS    Document 6-3    Filed 04/23/2007    Page 1 of 2

THE GEORGE
WASHINGTON
UNIVERSITY
WASHINGTON DC

JACK A. SIGGINS
UNIVERSITY LIBRARIAN

June 15, 2005

Mark Langer
1650 Harvard Street, NW, #604
Washington, DC 20009

Dear Mark:

This letter notifies you of the deliberations of the Librarian Review and Development Committee and my concurrence in the conclusions they reached.

I have concurred with the Librarian Review and Development Committee that you be reappointed at the rank of Librarian II for a period of three years beginning July 1, 2006 and ending June 30, 2009.

The reappointment is recognition by both your colleagues and me of your substantial and productive work for the Gelman Library and for the University. I am sure you will take satisfaction in knowing that your work has been reviewed and valued in this way.

I look forward to your continued leadership in The Gelman Library System, the University and academic librarianship. Thank you for all of your contributions.

Sincerely,

Jack A. Siggins
University Librarian


Pc:     Andrea W. Stewart
        Associate University Librarian for Administration, Development & Human Resources

        Sandra Carpenter
        Manager, Human Resources

        David Killian
        Chair, LRDC


K:\admin\docs\siggins\lrdc-ltr-05—langer- 06-05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mark Langer ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:07CV00262(EGS) |
| The George Washington University ) | |
| ) | Judge Emmet G. Sullivan |
| and ) | |
| ) | |
| Jack A. Siggins ) | |
| ) | |
| Defendants. ) | |

## ORDER

Upon consideration of Defendant Jack Siggins' Partial Motion to Dismiss Plaintiff's Complaint, any Opposition thereto and the entire record herein, it is this _____ day of _____, 2007,

ORDERED, that the Motion be and HEREBY IS GRANTED, and it is further

ORDERED, that Plaintiff's race discrimination claims, and Counts VII and VIII of Plaintiff's Complaint are dismissed with prejudice.

SO ORDERED.

_____
The Honorable Emmet G. Sullivan
United States District Judge

DC1 30196910.1

Copies to:

Raymond C. Baldwin (Bar No. 461514)
Stephanie E. Sawyer (Bar No. 485977)
SEYFARTH SHAW LLP
815 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 463-2400

Attorneys for Defendants

Jason H. Ehrenberg
Bailey & Ehrenberg PLLC
1155 Connecticut Avenue, NW, Suite 1100
Washington, DC 20036

Attorney for Plaintiff