**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                                    |   |                          |
|------------------------------------|---|--------------------------|
| Mark Langer                        | ) |                          |
|                                    | ) |                          |
|    Plaintiff,       | ) |                          |
|                                    | ) |                          |
|  v.                           | ) |                          |
|                                    | ) | Case No. 1:07CV00262(EGS)|
| The George Washington University   | ) |                          |
|                                    | ) | Judge Emmet G. Sullivan  |
| and                                | ) |                          |
|                                    | ) |                          |
| Jack A. Siggins                    | ) |                          |
|                                    | ) |                          |
|    Defendants.      | ) |                          |
|                                    | ) |                          |

## JOINT RULE 16.3 STATEMENT OF THE PARTIES

  Pursuant to Local Civil Rule 16.3, the parties have met and conferred and hereby submit

their joint written report outlining the discovery plan and including a proposed scheduling order.

## DISCOVERY PLAN

| | |
|---|---|
| Joinder of Additional Parties and Amendment of Pleadings. | June 6, 2007 |
| Exchange Rule 26(a) Disclosures | June 20, 2007 |
| Plaintiff's Rule 26(a)(2) Expert Disclosures | September 28, 2007 |
| Defendant's Rule 26(a)(2) Expert Disclosures | October 29, 2007 |
| Plaintiff's Rebuttal Rule 26(a)(2) Expert Disclosures | November 12, 2007 |
| Discovery Deadline | January 4, 2008 |
| Dispositive Motions Due | Sixty (60) Days After Close of Discovery |

Pretrial                                          Sixty (60) Days After Ruling on Dispositive
                                                  Motions

## LOCAL RULE 16.3(C) MATTERS DISCUSSED BY THE PARTIES

Plaintiff Mark Langer alleges that his former employer, The George Washington

University, discriminated against him on the basis of disability.  Plaintiff further alleges that GW

retaliated against him in violation of the FMLA, and that Plaintiff's former supervisor, Jack

Siggins, intentionally inflicted emotional distress upon him and interfered with his employment

relationship with the University.  Plaintiff alleges that Defendant's actions violated the District of

Columbia Human Rights Act and the Family Medical Leave Act, as well as District of Columbia

common law.

Defendants contend that they did not discriminate or retaliate against Mr. Langer, and

that they did not intentionally inflict emotional distress upon him.  Defendants further contend

that any and all employment actions taken with respect to Mr. Langer, were conducted for

legitimate non-discriminatory reasons.

Pursuant to Local Rule 16.3(c), the parties have reached agreement as to the following

matters:

1.      **Dispositive motions:**  Defendants anticipate filing a dispositive motion on all or
part of the facts alleged in Plaintiff's complaint, which the Plaintiff intends to oppose.

2.      **Joinder/Amendment of Pleadings:**  The parties request a period of up to June 6,
2007, although none are anticipated at this time.

3.      **Assignment to Magistrate Judge:**  The parties do not oppose the referral of any
discovery disputes that may arise.  The parties are amenable to have the matter assigned to a
Magistrate Judge for settlement purposes at such time as it appears settlement discussions may
be productive.  The parties do not consent to referring this matter to a magistrate for trial.

4.      **Possibility of Settlement:**  The parties have initiated preliminary settlement
discussions but have been unable to reach an agreement.  The parties plan to continue settlement
discussions.

5.        **Alternative Dispute Resolution:**  The parties have discussed ADR as outlined in Rule 16.3(c)(5), and agree that ADR would likely not be beneficial at this time.  The parties agree, however, that ADR may be revisited after the close of discovery.

6.        **Dispositive Motions:**  The parties agree that any dispositive motions should be filed sixty (60) days after the close of discovery with any opposition to be filed thirty (30) days thereafter and any reply due fifteen (15) days after the filing of the opposition.

7.        **Initial Disclosures:**  The parties have agreed to exchange initial disclosures no later than June 20, 2007.

8.        **Extent of Discovery:**  The parties agree that the discovery period of this matter shall be completed by January 4, 2008.  The parties agree that depositions and interrogatories shall be limited in accordance with Local Rule 26.2(b).  If appropriate, the parties will seek to reach an agreement on the terms of an appropriate protective order without the necessity of intervention of the court.

The parties agree that responsive electronic documents in this case will be produced in hard copy, subject to privilege, work product doctrine, and other objections.  Defendants reserve the right to identify such documents as not reasonably accessible in accordance with Fed. R. Civ. P. 26(b)(2)(B).

9.        **Expert Witness Reports:**  Plaintiff shall disclose all experts and provide all expert reports approximately thirty (30) days after the initiation of the discovery period, by September 28, 2007.  Defendant shall disclose any experts and provide expert reports within thirty (30) days after any disclosure by Plaintiff, by October 29, 2007.  Plaintiff shall have until November 12, 2007 to submit any rebuttal expert reports.

10.        **Class Actions:**  This matter is not a class action.

11.        **Bifurcated Trial/Discovery:**  There are no requests for bifurcation by either party.

12.        **Pretrial Conference Date:**  The parties suggest that a pretrial conference be scheduled sixty (60) days after the resolution of any dispositive motions filed with the court.

13.        **Trial Date:**  The parties suggest that a trial date be set at the time the pretrial conference is scheduled.

DC1 30200182.1

Respectfully submitted,
THE GEORGE WASHINGTON UNIVERSITY
JACK A. SIGGINS

By /s/ Raymond C. Baldwin
Raymond C. Baldwin (Bar No. 461514)
Stephanie E. Sawyer (Bar No. 485977)

SEYFARTH SHAW LLP
815 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 463-2400

Attorneys for Defendants


MARK LANGER

/s/ Jason H. Ehrenberg
Jason H. Ehrenberg  #469077
BAILEY & EHRENBERG PLLC
1155 Connecticut Ave.
Suite 1100
Washington, DC 20036
(202) 465-4729

Attorney for Plaintiff

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Mark Langer | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The George Washington University | ) | Case No. 1:07CV00262(EGS) |
| | ) | |
| and | ) | Judge Emmet G. Sullivan |
| | ) | |
| Jack A. Siggins | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>THE PARTIES JOINTLY PROPOSED SCHEDULING ORDER</u>**

Upon consideration of the Joint Local Rule 16.3 Report, the Court hereby adopts

the following schedule for this proceeding:

| | |
|---|---|
| Joinder of Additional Parties and Amendment of Pleadings. | June 6, 2007 |
| Exchange Rule 26(a) Disclosures | June 20, 2007 |
| Plaintiff's Rule 26(a)(2) Expert Disclosures | September 28, 2007 |
| Defendant's Rule 26(a)(2) Expert Disclosures | October 29, 2007 |
| Plaintiff's Rebuttal Rule 26(a)(2) Expert Disclosures | November 12, 2007 |
| Discovery Deadline | January 4, 2008 |
| Dispositive Motions Due | Sixty (60) Days After Close of Discovery |

SO ORDERED,

_____
Date

_____
Emmet G. Sullivan
United States District Court Judge

DC1 30200194.1