IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK LANGER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE GEORGE WASHINGTON ) | Case No. 1:07CV00262 (EGS) |
| UNIVERSITY ) | |
| ) | **JURY TRIAL DEMANDED** |
| and ) | |
| ) | |
| JACK A. SIGGINS ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CONFIDENTIALITY AGREEMENT AND CONSENT ORDER

IT IS hereby agreed by and between the undersigned attorneys for the parties to the above-entitled civil action that, subject to further Order of the Court:

1. The following information designated by Plaintiff, Mark Langer ("Plaintiff"), and/or Defendants, The George Washington University and Jack A. Siggins (collectively, "Defendant") (collectively, "the Parties"), shall be deemed Confidential Material: any and all documents the Parties may designate as CONFIDENTIAL including, but not limited to, all documents, information, deposition testimony, or any other materials produced, provided, or disclosed through formal discovery procedures ("Litigation Material"), or any portion thereof, that contains sensitive personal, medical, financial or other information warranting confidential treatment under applicable laws, regulations, court orders, or agreements.  Confidential Material shall be designated as such by stamping or labeling the relevant material with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- SUBJECT TO CONFIDENTIALITY ORDER," or by otherwise reasonably designating the information or documents confidential.

2.      Such Confidential Material shall be used solely for the purpose of conducting this litigation and not for any other commercial, business, competitive or other purpose, including other litigation, judicial or administrative proceedings.  For the purpose of conducting this litigation, the material and the substance thereof may be disclosed to the following persons only:

    a.   The Parties;

    b.   The attorneys and their employees working on this action;

    c.   Any person who is consulted or retained as an expert to assist in the litigation of this action; and

    d.   Any Court officer or mediator handling any aspect of this action, as well as any court reporters and videographers who transcribe or record testimony at depositions or hearings in this action;

    e.   Any witness at any deposition or other proceeding in this action, and in preparation for any such deposition or proceeding;

    f.   employees or former employees of a Party to the extent necessary to assist in the prosecution, defense, or settlement of this action.

3.      Any person who makes any disclosure of the Confidential Material or the substance thereof permitted under the terms of this Confidentiality Agreement and Consent Order (the "Confidentiality Order") shall make known the terms of this Confidentiality Order to each person to whom such disclosure is made.  The persons described in Paragraph 2 above are enjoined from disclosing the Confidential Material or the substance thereof to any person except in conformity with this Confidentiality Order.  A person with custody of Confidential Material shall maintain it in a manner that assures that access to it is strictly limited to persons entitled to receive said documents or information in accordance with this Confidentiality Order.

4. Confidential Material that is used during depositions, subject to appropriate objections, may be disclosed in the presence of only the witness, the parties, the court reporter and counsel for the parties. Portions of depositions where Confidential Material is discussed, described in any way or contained shall be so designated as CONFIDENTIAL in the transcript of such deposition. Portions of transcripts so designated shall then be limited in the manner provided herein.

5. Subject to further Order of this Court, Confidential Material submitted or presented to, or filed with this Court shall be labeled "Confidential" and shall be placed under seal and impounded by the Clerk of the Court until further Order of this Court.

6. The inadvertent production or disclosure of any confidential document or other information without a "Confidential" designation shall be made without prejudice to the Parties' rights under the Confidentiality Order, and the Parties shall retain the right thereafter to designate such document or information as Confidential Material.

7. In the event that a party inadvertently produces documents or information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, protection, or immunity, such production shall not constitute, and will not be deemed to constitute, a waiver of any privilege, protection, or immunity that applies to the inadvertently produced documents or information. The producing party may request the return of any inadvertently produced material under this paragraph. Upon such a request, the inadvertently produced material shall be returned within five (5) calendar days, and no copies or reproductions of such material shall be kept.

8. Nothing in this Confidentiality Order shall prejudice or waive the right of any party to object to the production of any documents or information, or any portion thereof, on any appropriate ground. Nor shall anything in this Confidentiality Order prejudice or waive the right of any party to

object to the admissibility at trial of any Litigation Material, or any portion or derivative product thereof, on any appropriate ground.

9.    Promptly upon discovery, if Confidential Material is disclosed to or used by any person (including a party) other than in the manner authorized by the Confidentiality Order, the party learning of the disclosure must immediately bring facts related to such disclosure to the attention of counsel for the opposing party and, without prejudice to other rights and remedies of the opposing party, take reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of such information.

10.   Within thirty (30) days of the conclusion of this action, each party shall destroy (by shredding or other form of mutilation) all copies and originals of all Confidential Material and any excerpts, notes or summaries thereof, and shall certify in writing that all such Confidential Material has been destroyed.  The "conclusion of this Action" means the time when all appeal periods have expired and any settlement or judgment has become final.

11.   Nothing in this Confidentiality Order shall prejudice or waive the right of any party to seek (i) relief from any restriction set forth herein, or (ii) an order compelling, modifying, or further restricting the production, exchange, uses of or protections afforded to any Litigation Material under this Confidentiality Order.

12.   The terms and conditions of this Confidentiality Order shall survive the conclusion of this action, and shall continue to be binding after the conclusion of this Action unless modified by further order of this Court.

13.   Jurisdiction of this action is to be retained by the Court, after final determination, for purposes of enabling any party to this Confidentiality Order to apply to the Court for such direction, order or further decree as may be appropriate for the construction, modification, enforcement or

compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of the Confidentiality Order.

14. By executing this Confidentiality Order, the undersigned counsel for the parties bind themselves, their firms, co-counsel, clerical and support staff, and clients to the terms and restrictions set forth in this Confidentiality Order.

Dated: September 25, 2007

*//s//* *Jason H. Ehrenberg*
_____

Jason H. Ehrenberg
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
Tel: (202) 465-4729
Fax: (202) 318-7071
jhe@becounsel.com

**Attorneys for Plaintiff**


*//s//* *Stephanie Sawyer*
_____

Raymond Charles Baldwin
Stephanie Sawyer
SEYFARTH SHAW
815 Connecticut Avenue, NW
Suite 500
Washington, DC 20006-4042

**Attorneys for Defendants**



SO ORDERED this ____ day of _____, 2007


_____
Hon.  Emmet G. Sullivan,
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September 2007, a copy of the foregoing was served on the following via the District Court's ECF electronic filing system:

Raymond Charles Baldwin
SEYFARTH SHAW
815 Connecticut Avenue, NW
Suite 500
Washington, DC 20006-4042

*//s// Jason H. Ehrenberg*
———————————————
Jason H. Ehrenberg